UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

WINDSOR COLEMAN,

|  |  |  |
|---|---|---|
| | Plaintiff, | 9:26-CV-0134 (GTS/CBF) |
| v. | | |
| ANTHONY ANNUCCI, et al., | | |
| | Defendants. | |

---

APPEARANCES:

WINDSOR COLEMAN
Plaintiff, pro se
17-A-2958
Mid-State Correctional Facility
P.O. Box 2500
Marcy, NY 13403

GLENN T. SUDDABY
United States District Judge

## DECISION AND ORDER

### I.    INTRODUCTION AND PROCEDURAL HISTORY

This action has a lengthy procedural history that was summarized in this Court's March 24, 2026 Decision and Order (the "March 2026 Order").  *See* Dkt. No. 133.  The relevant procedural history is as follows.

In March 2023, plaintiff filed a pro se complaint in this District asserting claims pursuant to 42 U.S.C. § 1983 related to his confinement in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at Clinton Correctional Facility ("Clinton C.F.") and Mid-State Correctional Facility ("Mid-State C.F.").  *See* Dkt. No.

133 at 1.  In August 2023, plaintiff filed an amended complaint which included claims related to his confinement at Attica Correctional Facility ("Attica C.F").  *Id*. at 3.  The Court severed and transferred those claims to the United States District Court for the Western District of New York ("Western District").  *Id*.  In June 2024, plaintiff filed a second amended complaint in this District which contained additional allegations related to facilities located in the Western District.  *Id*.  The Court severed and transferred those claims to the Western District and dismissed plaintiff's second amended complaint and issued judgement.  Dkt. No. 133 at 4.  Plaintiff did not appeal the judgment.  *Id*.

In August 2025, plaintiff filed an amended pleading in the Western District action that included claims related to Clinton C.F. and Mid-State C.F.  Dkt. No. 133 at 4.  In January 2026, the Western District severed and transferred the portion of the second amended complaint related to those events to this District.  *See id.*

In the March 2026 Order, this Court reviewed the portion of plaintiff's second amended complaint related to Clinton C.F. and Mid-State C.F. for sufficiency pursuant to 28 U.S.C. § 1915(e) and § 1915A.  *See* Dkt. No. 133.  In that regard, the Court found that none of the claims survived review.  Of relevance herein, the Court dismissed plaintiff's Eighth Amendment claims against defendants Martuscello and Annucci because the pleading lacked facts suggesting that defendants were personally involved in the conditions that plaintiff endured in the Mid-State C.F. SDP.  *Id*. at 17.  The Court also dismissed plaintiff's claims related to New York State Humane Alternatives to Long-Term Solitary Confinement Act (the "HALT Act"), noting that it would not exercise supplemental jurisdiction over claims that were parallel to dismissed federal claims.  *Id*. at 23.  Moreover, the Court noted that plaintiff cannot advance an independent claim based solely on the HALT Act.  *Id.*  Because plaintiff had

2

already been afforded three opportunities to amend his complaint, the Court found that any further amendment would be futile.  Dkt. No. 133 at 28.  The Clerk of the Court was directed to enter judgment and the case was closed.  *Id*.

On April 20, 2026, plaintiff filed a motion to "alter" the judgment arguing that his Eighth Amendment claims and state claims against Martuscello and Annucci related to his confinement at Mid-State C.F. are sufficiently stated and should proceed to service.  *See* Dkt. No. 135.  In light of plaintiff's pro se status, the Court has construed the application as a motion for reconsideration.  On April 29, 2026, plaintiff filed a Notice of Appeal.  Dkt. No. 137.  On May 1, 2026, the Second Circuit Court of Appeals stayed the appeal pending resolution of the motion for reconsideration.  Dkt. No. 139.  The filing of the notice of appeal does not divest this Court of jurisdiction to rule on the pending motion for reconsideration.  *See Coan v. Kaufman*, 349 F.Supp.2d 271, 273 n.1 (D. Conn. 2004), *aff'd*, 457 F.3d 250 (2d Cir. 2006).

## II.    MOTION FOR RECONSIDERATION

Construing the submission liberally, plaintiff contends that there was an "error of law" in the Court's finding that his Eighth Amendment and state law claims against defendants Martuscello and Annucci, related to his conditions of confinement at Mid-State C.F. were insufficiently pled.  *See* Dkt. No. 135 at 1, 2.  Plaintiff claims that Martuscello and Annucci were personally involved in the alleged constitutional violations because they failed to revise/amend DOCCS Directives to comply with the Halt Act.  *Id*. at 8.  In support, plaintiff provided a copy of the Orientation Manual for "Step Down to General Population."  *Id*. at 12-43.

Motions for reconsideration proceed in the Northern District of New York under Local Rule 60.1.  "In order to prevail on a motion for reconsideration, the movant must satisfy

3

stringent requirements." *See Maye v. New York,* No. 1:10–CV–1260, 2011 WL 4566290, *2 n. 6 (N.D.N.Y. Sept. 29, 2011) (quoting *C–TC 9th Ave. P'ship v. Norton Co. (In re C–TC 9th Ave. P'ship)*, 182 B.R. 1, 2 (N.D.N.Y. 1995)).  A motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  "The prevailing rule 'recognizes only three possible grounds upon which motions for reconsideration may be granted; they are (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice.' " *Maye*, 2011 WL 4566290, at *2 (quoting *In re C–TC 9th Ave. P'ship*, 182 B.R. at 3).   "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257.

Motions for reconsideration are governed by Local Rule 60.1 which provides, in pertinent part, "party may file and serve a motion for reconsideration or reargument no later than fourteen days after the entry of the challenged judgment, order, or decree." N.D.N.Y.L.R. 60.1.  In this case, the subject order was issued on March 24, 2026.  Dkt. No. 133.  Plaintiff submitted the within motion on April 9, 2026, beyond the fourteen days prescribed by the Local Rule.  Dkt. No. 133 at 10.  Plaintiff has not provided any explanation for the delay in filing the within motion.  Accordingly, the motion is untimely.

Even assuming that the motion was timely served, plaintiff has not cited to any caselaw which would mandate that the Court's prior decision be vacated and has not demonstrated an intervening change in controlling law, nor has he articulated any clear legal error.  In sum, plaintiff has not made any showing that reconsideration of the March 2026

4

Order is warranted. *See, e.g., Banco de Seguros Del Estado v. Mut. Marine Offices, Inc.*, 230 F.Supp.2d 427, 431 (S.D.N.Y. 2002) (denying motion for reconsideration where movant "reargue[d] the points it made during the initial briefing and . . . explain[ed] to the Court how its analysis is 'erroneous' "); *United States v. Delvi*, No. S1201 CR 74, 2004 WL 235211, at *2 (S.D.N.Y. Feb. 6, 2004) (denying motion for reconsideration where movant "point[ed] to no facts or law that the Court overlooked in reaching its conclusion, and instead simply reiterate[d] the facts and arguments that the Court already considered and rejected"). Because a motion for reconsideration cannot be used "to advance new facts, issues or arguments not previously presented to the Court," *see Davidson v. Scully*, 172 F.Supp.2d 458, 461 (2d Cir. 2001), the documentation put forward by plaintiff in support of his against Martuscello and Annucci does not provide a basis for reconsideration of the March 2026 Order. At best, plaintiff seeks to relitigate issues already decided and for which he has had several opportunities, in two different courts, to plead. Based upon a review of the relevant law and its application to the facts of this case, the Court concludes that it's previous decision was legally correct and did not work a manifest injustice.

## III.   CONCLUSION

**WHEREFORE**, it is

**ORDERED** that plaintiff's motion for reconsideration (Dkt. No. 135) is **DENIED**; and is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules of Practice.

Date:  May 20, 2026
      Syracuse, NY

Glenn T. Suddaby
U.S. District Judge